Allan D. NewDelman, Esq, (004066)
Roberta J. Sunkin, Esq. (011993)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
Telephone: (602) 264-4550
Email: anewdelman@qwestoffice.net
Attorney for Debtors/Plaintiffs

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceeding Under Chapter Eleven |
| ROBERT C. HIGHSMITH and LYNN B. HIGHSMITH, | |
| Debtors. | Case No. 2-12-bk-05374 GBN |
| | Adv. No. 2-13-ap-512 |
| ROBERT C. HIGHSMITH and LYNN B. HIGHSMITH, | COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY |
| Plaintiffs, | |
| v. | (RE: 4620 East Running Deer Trail, Cave Creek, Arizona, 85331) |
| US BANK, N.A., AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2006-WMC4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-WMC4; JP MORGAN CHASE BANK, NA ITS SUCCESSORS OR ASSIGNS; and HOUSEHOLD MORTGAGE SERVICES d.b.a. HOUSEHOLD REALTY CORPORATION, ITS SUCCESSORS OR ASSIGNS, | |
| Defendants. | |

Highsmith 506 Complaint      1

NOW COME the Plaintiffs, Robert and Lynn Highsmith, by and through counsel, to hereby state for their Complaint as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 28 U.S.C. § 2201(a); 11 U.S.C. § 506(a), and Rule 7001 et seq. Rules of Bankruptcy Procedure This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(I) and 157(b)(2)(K).

2.

Plaintiffs reside in Maricopa County, Arizona and are the Debtors in the above captioned Chapter Eleven proceeding.

3.

Defendant, U.S. Bank National Association, as Trustee for Mastr Asset Backed Securities Trust 2006-WMC4, Mortgage Pass-Through Certificates, Series 2006-WMC4 ("US Bank"), upon information and belief, is licensed to write, service and make residential mortgage loans in the State of Arizona.

4.

Defendant, JPMorgan Chase Bank, NA its successors or assigns ("Chase Bank") upon information and belief, is licensed to write, service and make residential mortgage loans in the State of Arizona.

5.

Defendant, Household Mortgage Services, Inc. d.b.a. Household Realty Corporation, its successors or assigns ("Household") upon information and belief, is licensed to write, service and

make residential mortgage loans in the State of Arizona.

6.

Plaintiffs filed their voluntary Chapter11 petition on March 16, 2012 in the District of Arizona, Case Numbers 2-12-bk-05374 GBN.

7.

Plaintiffs, at the time of the filing of their cases, were the owners of certain real property located at 4620 East Running Deer Trail, Cave Creek, Arizona, 85331 (the "Property") with a legal description as set forth below:

LOT 59, DIAMOND CREEK, ACCORDING TO BOOK 471 OF MAPS, PAGE 32, RECORDS OF MARICOPA COUNTY, ARIZONA

Parcel ID # 212-18-084

The Property is not the residence of the Debtors. It is investment property.

8.

The Plaintiffs believe that the Property is worth no more than $402,475.00 based on a Comparable Market Analysis ("CMA") dated April 24, 2013. A copy of the CMA is attached hereto as Exhibit "A".

## COUNT ONE
(Against Defendant US Bank.)

9.

Upon information and belief, the Property is subject to a first position Note and Deed of Trust in favor of WMC Mortgage Corporation dated May 31, 2006 which was recorded on June 9, 2006 with the Maricopa County Recorder's Office, Instrument Number 20060785972. Defendant, U.S. Bank National Association, as Trustee for Mastr Asset Backed Securities Trust

1   2006-WMC4, Mortgage Pass-Through Certificates, Series 2006-WMC4 ("US Bank"), upon

2   information and belief, became the holder of the promissory note and the first position Deed of

3   Trust by an assignment of the same from Mortgage Electronic Registration Systems, Inc. recorded

4   on April 3, 2012 with the Maricopa County Recorder's Office under Instrument Number

5   20120277701.

6

7                                        10.

8       US Bank, has filed a Proof of Claim, Claim Number 16, asserting a balance due under the

9   Note and first position Deed of Trust[1] of no less than $717,487.99.

10

11                                       11.

12      Plaintiffs assert that the value of the US Bank's first lien position should be fixed at the

13  value of the Property, $402,475.00, and to the extent that the amount owed to the Defendant is

14  greater than the value of the Property, the Defendant will have a general unsecured claim against

15  the Plaintiffs in the Chapter 11 proceeding.

16

17                                       12.

18      Plaintiffs assert that the entry of a judgment in favor of the Plaintiffs will result in the

19  Plaintiffs being deemed current on the obligation owed to the Defendant and that any pre-petition

20  or post-petition arrearage will become part of the Defendant's general unsecured claim.

21

22

23

24

25

26  [1]The Proof of Claim attaches to it a copy of the correct Note and the correct Assignment however, the Deed of Trust is not the Deed of Trust recorded on June 9, 2006. This creditor has incorrectly attached to its Claim the second position Deed of Trust that was recorded on August 2, 2006. Undersigned notified Counsel for

27  this Creditor in April, 2013 but, to date, the creditor has failed to take steps to amend the Claim.

28  Highsmith 506 Complaint                    4

## COUNT TWO

(Against Defendant JPMorgan Chase Bank, NA, its Successors or Assigns)

13.

Plaintiffs reallege and incorporate herein all other allegations as set forth in Paragraphs 1 through 12.

14.

Upon information and belief, the Property is subject to a second position Deed of Trust in favor of Defendant, JPMorgan Chase Bank, NA its successors or assigns ("Chase Bank") dated July 7, 2006 which was recorded on August 2, 2006 with the Maricopa County Recorder's Office, Instrument Number 2006032972. A copy of the Deed of Trust is attached hereto and incorporated herein by reference as Exhibit "B".

15.

Defendant, Chase Bank, to date, has failed to file a Proof of Claim, however, upon information and belief the amount owed to Defendant is in excess of $200,000.00.

16.

Plaintiffs assert that after applying the first mortgage lien of US Bank, reduced to the present value of the property, there is no equity remaining for which the lien of Defendant Chase Bank may attach. As a result, pursuant to 11 U.S.C. §§506(a)(1) and 506(d) Defendant JPMorgan Chase Bank, NA its successors or assigns holds a wholly unsecured second position Deed of Trust against the property and is therefore not secured and its lien is void.

///

///

///

Highsmith 506 Complaint                    5

## COUNT THREE

(Against Defendant Household Mortgage Services, Inc. dba Household Realty Corp., its Successors or Assigns)

### 17.

Plaintiffs reallege and incorporate herein all other allegations as set forth in Paragraphs 1 through 16.

### 18.

Upon information and belief, the Property is subject to a third position Deed of Trust in favor of Defendant, Household Mortgage Services, Inc. d.b.a. Household Realty Corporation, its successors or assigns ("Household") dated November 28, 2006 which was recorded on December 4, 2006 with the Maricopa County Recorder's Office, Instrument Number 20061576237. A copy of the Deed of Trust is attached hereto and incorporated herein by reference as Exhibit "C".

### 19.

Defendant, Household, to date, has failed to file a Proof of Claim, however, upon information and belief the amount owed to Defendant is in excess of $42,000.00.

### 20.

Plaintiffs assert that after applying the first mortgage lien of US Bank, reduced to the present value of the property, there is no equity remaining for which the lien of Defendant Household may attach. As a result, pursuant to 11 U.S.C. §§506(a)(1) and 506(d) Defendant Household Mortgage Services, Inc. d.b.a. Household Realty Corporation, its successors or assigns holds a wholly unsecured third position Deed of Trust against the property and is therefore not secured and its lien is void.

**WHEREFORE**, Plaintiffs pray that this Honorable Court find in favor of the Plaintiffs and Order the following:

a. That the value of the Plaintiffs' property is $402,475.00.

b. That, as it relates to the first position Deed of Trust, the security interest of the Defendant, U.S. Bank National Association, as Trustee for Mastr Asset Backed Securities Trust 2006-WMC4, Mortgage Pass-Through Certificates, Series 2006-WMC4, be reduced from the estimated sum of $717,487.99 to the value of the property, $402,475.00 with the balance of any claim to be deemed unsecured.

c. That, as it relates to the second position Deed of Trust, Defendant, JPMorgan Chase Bank, NA its successors or assigns is totally unsecured with said lien being void.

d. That, as it relates to the third position Deed of Trust, Defendant Household Mortgage Services, Inc. d.b.a. Household Realty Corporation, its successors or assigns is totally unsecured with said lien being void.

e. That the Order of this Court may be recorded and the same shall have the effect of voiding the liens on the public records to the extent that the Defendants' claim exceeds that value of the Property or is wholly unsecured upon the entry of an Order confirming the Debtors' Chapter 11 Plan of Reorganization.

f. That any judgment entered in favor of the Plaintiffs/Debtors shall deem the Plaintiffs/Debtors completely current on the obligation owed to the

Defendants as it relates to its first position Deed of Trust.

g.  That this Order shall survive conversion to another Chapter or dismissal of this case.

h.  That Plaintiffs recover any additional relief that this Court deems justified and appropriate.

RESPECTFULLY SUBMITTED, this 1st day of May, 2013.

ALLAN D. NEWDELMAN, P.C.

/s/ RJS 011993
Roberta J. Sunkin, Esq.
Counsel for the Debtors/Plaintiffs

EXHIBIT "A"

# Comparable Market Analysis

**Wednesday, April 24, 2013**

## For

Robert Highsmith
4620 E Running Deer Trail
Cave Creek, AZ 85331

## By



**Liza M Deer**
**Russ Lyon Sotheby's International Realty**
20909 North 90th Place
#209
Scottsdale, AZ 85255
602-329-1117
lizadeer@yahoo.com

## Comments

Here is a price opinion cma for your home at 4620 E Running Deer Trail.

This report is not an appraisal and is not intended to meet the requirements set out in the Uniform Standards of Appraisal Practice.
If an appraisal is desired, the services of a licensed appraiser should be obtained.

## Map of Subject And Comparable Properties



| Legend |
| --- |
| ● Active  ◐ Sold  ◎ Pending  ◉ Temporary Off Market  ● Cancelled  ● Expired |

🔰 **Subject: 4620 E Running Deer Trail Cave Creek AZ 85331**

1. **27411 N 47th ST , Cave Creek AZ 85331**
   **(4894199)**
2. **4530 E HEDGEHOG PL , Cave Creek AZ 85331**
   **(4921186)**
3. **4611 E Oberlin WAY , Cave Creek AZ 85331**
   **(4865778)**
4. **27815 N 45TH WAY , Cave Creek AZ 85331**
   **(4915545)**
5. **4535 E BENT TREE DR , Cave Creek AZ 85331**
   **(4839719)**
6. **4626 E Running Deer TRL , Cave Creek AZ 85331**
   **(4798677)**
7. **27804 N 47TH ST , Cave Creek AZ 85331**
   **(4848371)**
8. **4514 E BLUE SKY DR , Cave Creek AZ 85331**
   **(4859274)**

# Subject Property Description

| | |
|---|---|
| **Address** | 4620 E Running Deer Trail<br>Cave Creek, AZ 85331 |
| **# Bedrooms** | |
| **# Bathrooms** | |
| **Approx SQFT** | |
| **Approx Lot SqFt** | |
| **Year Built** | |

**CMA: Subject and Comparable Properties**

|  | Subject | 4894199 |  | 4921186 |  | 4865778 |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  | 4620 E Running Deer Trail Cave Creek AZ 85331 | 27411 N 47th ST Cave Creek AZ |  | 4530 E HEDGEHOG PL Cave Creek AZ |  | 4611 E Oberlin WAY Cave Creek AZ |  |
| List Price |  |  | $379,700 |  | $445,000 |  | $459,900 |
| Original List Price |  |  | $399,700 |  | $445,000 |  | $449,000 |
| Sold Price |  |  |  |  |  |  |  |
| Status |  |  | Active |  | Active |  | Active |
| Status Date |  |  | 02/22/2013 |  | 04/16/2013 |  | 03/17/2013 |
| Agent Days on Market |  |  | 61 |  | 8 |  | 47 |
| Cumulative Days on Market |  |  | 61 |  | 8 |  | 48 |
| **Adjustment** |  |  | +/- |  | +/- |  | +/- |
| # Bedrooms |  | 4 |  | 4 |  | 6 |  |
| # Bathrooms |  | 2.50 |  | 2.50 |  | 3.00 |  |
| Approx SQFT |  | 3,098 |  | 3,093 |  | 3,258 |  |
| Approx Lot SqFt |  | 8869.00 |  | 10680.00 |  | 9100.00 |  |
| Year Built |  | 1999 |  | 1999 |  | 1999 |  |
| **Adjusted Price** | $402,475 |  | $379,700 |  | $445,000 |  | $459,900 |

**CMA: Subject and Comparable Properties**

| | Subject | 4915545 | | 4839719 | | 4798677 | |
|---|---|---|---|---|---|---|---|
| | |  | |  | |  | |
| | 4620 E Running Deer Trail Cave Creek AZ 85331 | 27815 N 45TH WAY Cave Creek AZ | | 4535 E BENT TREE DR Cave Creek AZ | | 4626 E Running Deer TRL Cave Creek AZ | |
| List Price | | | $350,000 | | $349,000 | | $350,000 |
| Original List Price | | | $350,000 | | $359,000 | | $350,000 |
| Sold Price | | | | | $345,000 | | $375,000 |
| Status | | UCB (Under Contract-Backups) | | | Sold | | Sold |
| Status Date | | | 04/05/2013 | | 02/02/2013 | | 10/27/2012 |
| Agent Days on Market | | | 19 | | 100 | | 69 |
| Cumulative Days on Market | | | 19 | | 100 | | 69 |
| **Adjustment** | | | **+/-** | | **+/-** | | **+/-** |
| # Bedrooms | | 5 | | 4 | | 5 | |
| # Bathrooms | | 3.50 | | 2.00 | | 3.50 | |
| Approx SQFT | | 4,461 | | 2,544 | | 4,461 | |
| Approx Lot SqFt | | 10639.00 | | 9498.00 | | 9910.00 | |
| Year Built | | 1999 | | 1999 | | 2000 | |
| **Adjusted Price** | $402,475 | | $350,000 | | $345,000 | | $375,000 |

**CMA: Subject and Comparable Properties**

| | Subject | 4848371 | | 4859274 | | | |
|---|---|---|---|---|---|---|---|
| | |  | |  | | | |
| | 4620 E Running Deer Trail Cave Creek AZ 85331 | 27804 N 47TH ST Cave Creek AZ | | 4514 E BLUE SKY DR Cave Creek AZ | | | |
| List Price | | | $454,900 | | $449,000 | | |
| Original List Price | | | $460,000 | | $449,000 | | |
| Sold Price | | | $440,000 | | $449,900 | | |
| Status | | | Sold | | Sold | | |
| Status Date | | | 03/08/2013 | | 01/19/2013 | | |
| Agent Days on Market | | | 96 | | 13 | | |
| Cumulative Days on Market | | | 94 | | 13 | | |
| **Adjustment** | | | **+/-** | | **+/-** | | **+/-** |
| # Bedrooms | | 4 | | 4 | | | |
| # Bathrooms | | 2.50 | | 2.50 | | | |
| Approx SQFT | | 3,338 | | 3,081 | | | |
| Approx Lot SqFt | | 11385.00 | | 10001.00 | | | |
| Year Built | | 2000 | | 1999 | | | |
| **Adjusted Price** | $402,475 | | $440,000 | | $449,900 | | |

# Price Analysis

| MLS # | Address | List Price | ADOM | CDOM | Encoded Features | Approx SQFT | Price per Approx SQFT | Sold Date | Sold Price | Total Adjusts | Adjusted Price |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Summary of Closed Listings** | | | | | | |
| 4839719 | 4535 E BENT TREE DR, Cave Creek AZ | $349,000 | 100 | 100 | 42FRD3G | 2,544 | $135.61 | 01/29/2013 | $345,000 | - | $345,000 |
| 4798677 | 4626 E Running Deer TRL, Cave Creek AZ | $350,000 | 69 | 69 | 53.5FRDPO3G | 4,461 | $84.06 | 10/29/2012 | $375,000 | - | $375,000 |
| 4848371 | 27804 N 47TH ST, Cave Creek AZ | $454,900 | 96 | 94 | 42.5FRDXP3G3S | 3,338 | $131.82 | 03/07/2013 | $440,000 | - | $440,000 |
| 4859274 | 4514 E BLUE SKY DR, Cave Creek AZ | $449,000 | 13 | 13 | 42.5RDXPSO3G | 3,081 | $146.02 | 01/18/2013 | $449,900 | - | $449,900 |

| MLS # | Address | Orig. List Price | ADOM | CDOM | Encoded Features | Approx SQFT | Price per Approx SQFT | List Price | Total Adjusts | Adjusted Price |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Summary of Active Listings** | | | | | |
| 4894199 | 27411 N 47th ST, Cave Creek AZ | $399,700 | 61 | 61 | 42.5FRXPO3G3S | 3,098 | $122.56 | $379,700 | - | $379,700 |
| 4921186 | 4530 E HEDGEHOG PL, Cave Creek AZ | $445,000 | 8 | 8 | 42.5FRDXPSO3G | 3,093 | $143.87 | $445,000 | - | $445,000 |
| 4865778 | 4611 E Oberlin WAY, Cave Creek AZ | $449,000 | 47 | 48 | 63RDXPS3G4S | 3,258 | $141.16 | $459,900 | - | $459,900 |

| MLS # | Address | Orig. List Price | ADOM | CDOM | Encoded Features | Approx SQFT | Price per Approx SQFT | List Price | Total Adjusts | Adjusted Price |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Summary of UCB (Under Contract-Backups) Listings** | | | | | |
| 4915545 | 27815 N 45TH WAY, Cave Creek AZ | $350,000 | 19 | 19 | 53.5FRDXPO3G | 4,461 | $78.46 | $350,000 | - | $350,000 |

| Low, Average, Median, and High Comparisons | | | | |
|---|---|---|---|---|
| | Closed | Active | UCB (Under Contract-Backups) | Overall |
| Low | $345,000 | $379,700 | $350,000 | $345,000 |
| Average | $402,475 | $428,200 | $350,000 | $405,562 |
| Median | $407,500 | $445,000 | $350,000 | $409,850 |
| High | $449,900 | $459,900 | $350,000 | $459,900 |

EXHIBIT "B"

8/2/06

2006103 2972

WHEN RECORDED MAIL TO:
JPMorgan Chase Bank, N.A.
Retail Loan Servicing KY2-1606
P.O. Box 11606
Lexington, KY 40576-1606

4492684+1                    00416010845579
DORFMAN, JEFF
DEED OF TRUST / MORTGAGE

**FOR RECORDER'S USE ONLY**

## DEED OF TRUST

**MAXIMUM LIEN.** The lien of this Deed of Trust shall not exceed at any one time $250,000.00.

**THIS DEED OF TRUST** is dated July 7, 2006, among JEFF DORFMAN, whose address is 4620 E RUNNING DEER TRL, CAVE CREEK, AZ 85331 and CYNTHIA R DORFMAN, whose address is 4620 E RUNNING DEER TRL, CAVE CREEK, AZ 85331; HUSBAND AND WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP ("Trustor"); JPMorgan Chase Bank, N.A., whose address is Home Equity and Consumer Lending Division, 1111 Polaris Parkway, Columbus, OH 43240 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and JPMorgan Chase Bank, National Association, whose address is 1111 Polaris Parkway, Columbus, OH 43240 (referred to below as "Trustee").

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor conveys to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water and water rights flowing through, belonging or in anyway appertaining to the Real Property, and all of Trustor's water rights that are personal property under Arizona law, including without limitation all type 2 nonirrigation grandfathered rights (if applicable), all irrigation rights, all ditch rights, rights to irrigation district stock, all contracts for effluent, all contracts for Central Arizona Project water, and all other contractual rights to water, and together with all rights (but none of the duties) of Trustor as declarant under any presently recorded declaration of covenants, conditions and restrictions affecting real property; and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in MARICOPA County, State of Arizona:

TAX ID: 212-18-084

LOT 59, DIAMOND CREEK, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 471 OF MAPS, PAGE 32. 212-18-084.

The Real Property or its address is commonly known as 4620 E RUNNING DEER TRL, CAVE CREEK, AZ 85331. The Real Property tax identification number is 212-18-084.

**REVOLVING LINE OF CREDIT.** Specifically, in addition to the amounts specified in the Indebtedness definition, and without limitation, this Deed of Trust secures a revolving line of credit, which obligates Lender to make advances to Borrower so long as Borrower complies with all the terms of the Credit Agreement. Such advances may be made, repaid, and remade from time to time, subject to the limitation that the total outstanding balance owing at any one time, not including finance charges on such balance at a fixed or variable rate or sum as provided in the Credit Agreement, any temporary overages, other charges, and any amounts expended or advanced as provided in either the Indebtedness paragraph or this paragraph, shall not exceed the Credit Limit as provided in the Credit Agreement. It is the intention of Trustor and Lender that this Deed of Trust secures the balance outstanding under the Credit Agreement from time to time from zero up to the Credit Limit as provided in this Deed of Trust and any intermediate balance.

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**DEED OF TRUST**
(Continued)

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF TRUSTOR'S AGREEMENTS AND OBLIGATIONS UNDER THE CREDIT AGREEMENT, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**TRUSTOR'S REPRESENTATIONS AND WARRANTIES.** Trustor warrants that: (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender; (b) Trustor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Trustor and do not result in a violation of any law, regulation, court decree or order applicable to Trustor; (d) Trustor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Trustor about Borrower (including without limitation the creditworthiness of Borrower).

**TRUSTOR'S WAIVERS.** Trustor waives all rights or defenses arising by reason of any "one action" or "anti-deficiency" law, or any other law which may prevent Lender from bringing any action against Trustor, including a claim for deficiency to the extent Lender is otherwise entitled to a claim for deficiency, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale. In addition to the waivers set forth above, Trustor expressly waives, to the extent permitted by Arizona law, all of Trustor's rights under sections 12-1641 through 12-1646 inclusive, 44-142 of the Arizona Revised Statutes, and Rule 17(f) of the Arizona Rules of Civil Procedure, as now enacted or hereafter modified, amended or replaced.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower shall pay to Lender all Indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Trustor shall strictly perform all their respective obligations under the Credit Agreement, this Deed of Trust, and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Trustor agree that Borrower's and Trustor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Trustor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Trustor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Trustor represents and warrants to Lender that: (1) During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Beneficiary, at its option, but without obligation to do so, may correct any condition violating any applicable Environmental Law affecting the Property, and in doing so shall conclusively be deemed to be acting reasonably and for the purpose of protecting the value of its collateral, and all costs of correcting a condition or violation shall be payable to Beneficiary by Trustor as provided in the Expenditures by Lender section of this Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person. The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances. Trustor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor. The provisions of this section of the Deed of Trust, including the obligation to indemnify, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the

# DEED OF TRUST

generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Trustor agrees neither to abandon or leave unattended the Property. Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Arizona law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Trustor shall pay when due (and in all events prior to delinquency) all taxes and assessments, including without limitation sales or use taxes in any state, local privilege or excise taxes based on gross revenues, special taxes, charges (including water and sewer), fines and impositions levied against Trustor or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due, except for the Existing Indebtedness referred to below, and except as otherwise provided in this Deed of Trust. Beneficiary shall have the right, but not the duty or obligation, to charge Trustor for any such taxes or assessments in advance of payment. In no event does exercise or non-exercise by Beneficiary of this right relieve Trustor from Trustor's obligation under this Deed of Trust or impose any liability whatsoever on Beneficiary.

**Right to Contest.** Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and permissible fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause,

and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may reasonably require. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person. The Real Property is or will be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area. Trustor agrees to obtain and maintain Federal Flood Insurance, if available, for the maximum amount of your credit line and the full unpaid principal balance of any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Trustor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Compliance with Existing Indebtedness.** During the period in which any Existing Indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such Existing Indebtedness shall constitute compliance with the insurance provisions under this Deed of Trust, to the extent compliance with the terms of this Deed of Trust would constitute a duplication of insurance requirement. If any proceeds from the insurance become payable on loss, the provisions in this Deed of Trust for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the Existing Indebtedness.

**LENDER'S EXPENDITURES.** If Trustor fails to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims (B) to provide any required insurance on the Property, or (C) to make repairs to the Property or to comply with any obligation to maintain Existing Indebtedness in good standing as required below, then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Trustor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Credit Agreement from the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Credit Agreement and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Credit Agreement; or (C) be treated as a balloon payment which will be due and payable at the Credit Agreement's maturity. The Property also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default and shall be exercisable by Lender to the extent permitted by applicable law. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Trustor warrants that: (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the Existing Indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender, or have otherwise been previously disclosed to and accepted by Lender in writing in connection with this Deed of Trust, and (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Trustor has made in this Deed of Trust

shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature and shall remain in full force and effect until such time as Borrower's Indebtedness is paid in full.

**EXISTING INDEBTEDNESS.** The following provisions concerning Existing Indebtedness are a part of this Deed of Trust:

**Existing Lien.** The lien of this Deed of Trust securing the Indebtedness may be secondary and inferior to the lien securing payment of an existing obligation. The existing obligation has a current principal balance of approximately $640000. Trustor expressly covenants and agrees to pay, or see to the payment of, the Existing Indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

**No Modification.** Trustor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement which has priority over this Deed of Trust by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender. Trustor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any proceeding in condemnation is filed, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to defend the action and obtain the award. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Credit Agreement; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Trustor shall execute financing statements and take whatever other action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Trustor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall assemble the Personal Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender.

**Addresses.** The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Trustor's obligations under the Credit Agreement, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust on the Property, whether now owned or hereafter acquired by Trustor. Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Borrower pays all the Indebtedness when due, terminates the credit line account, and otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance without warranty and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Any reconveyance fee required by law shall be paid by Trustor, if permitted by applicable law.

**EVENTS OF DEFAULT.** Trustor will be in default under this Deed of Trust if any of the following happen:

(A) Trustor commits fraud or makes a material misrepresentation at any time in connection with the Credit Agreement. This can include, for example, a false statement about Borrower's or Trustor's income, assets, liabilities, or any other aspects of Borrower's or Trustor's financial condition.

(B) Borrower does not meet the repayment terms of the Credit Agreement.

(3) Trustor's action or inaction adversely affects the collateral or Lender's rights in the collateral. This can include, for example, failure to maintain required insurance, waste or destructive use of the dwelling, failure to pay taxes, death of all persons liable on the account, transfer of title or sale of the dwelling, creation of a senior lien on the dwelling without our permission, foreclosure by the holder of another lien, or the use of funds or the dwelling for prohibited purposes.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Trustor's obligations under this Deed of Trust, after Trustor's failure to do so, that decision by Lender will not affect Lender's right to declare Trustor in default and to exercise Lender's remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Borrower or Trustor to declare the entire Indebtedness immediately due and payable.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law. To the extent permitted by law, Trustor shall be and remain liable for any deficiency remaining after sale, either pursuant to the power of sale or judicial proceedings.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and

above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufference.** If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufference of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Credit Agreement or by law or in equity or by other rights and remedies afforded by Arizona law.

**Notice of Sale.** Lender shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Insurance Policies.** Lender shall have the right upon an Event of Default, but not the obligation, to assign all of Trustor's right, title and interest in and to all policies of insurance on the Property and any unearned premiums paid on such insurance to any receiver or any purchaser of the Property at a foreclosure sale, and Trustor hereby appoints Lender as attorney in fact to assign and transfer such policies.

**Expenses.** To the extent not prohibited by applicable law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights, shall become a part of the loan payable on demand, and shall bear interest at the Note rate from the date of expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's expenses for bankruptcy proceedings (including efforts to modify or vacate the automatic stay or injunction) and appeals, to the extent permitted by applicable law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender will have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of MARICOPA County, State of Arizona. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**NOTICES.** Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any person may change his or her address for notices under this Deed of Trust by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided or required

by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors. It will be Trustor's responsibility to tell the others of the notice from Lender. Notwithstanding the foregoing, the address for notice for Lender is: JPMorgan Chase Bank, N.A., P.O. Box 901008, Fort Worth, TX 76101-2008.

**IDENTITY OF LENDER.** Lender is JPMorgan Chase Bank, N.A., a national banking association organized and existing under the laws of the United States of America, with its main offices located in Columbus, Ohio.

**NON-WAIVER.** A waiver by any party of a breach of a provision of this Deed of Trust shall not constitute a waiver of or prejudice the party's right otherwise to demand strict compliance with that provision or any other provision.

**SUPPLEMENT TO PERSONAL PROPERTY DEFINITION.** It is the intention of Lender only to take a security interest in and retain a lien on that personal property considered fixtures under the Uniform Commercial Code as adopted in the jurisdiction where this Deed of Trust is filed of record as same may be amended from time to time or such other statute of such jurisdiction that defines property affixed to real estate and no other personal property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable federal or state law.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** What is written in this Deed of Trust and in the Related Documents is Trustor's entire agreement with Lender concerning the matters covered by this Deed of Trust. To be effective, any change or amendment to this Deed of Trust must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This agreement will be governed by and interpreted in accordance with federal law and the laws of the State of Arizona except for matters related to: (1) interest and the exportation of interest, which will be governed by and interpreted in accordance with federal law (including, but not limited to, statutes, regulations, interpretations, and opinions) and the laws of the State of Ohio; and (2) the validity and enforcement of Lender's security interest in the Property, which will be governed by the laws of the State where the Property is located. However, if there ever is a question about whether any provision of the agreement is valid or enforceable, the provision that is questioned will be governed by whichever of the governing state or federal laws that would find the provision to be valid and enforceable. The loan transaction which is evidenced by this and other related documents has been approved, made and funded, and all necessary documents have been accepted by Lender in the State of Ohio.

**Joint and Several Liability.** All obligations of Borrower and Trustor under this Deed of Trust shall be joint and several, and all references to Trustor shall mean each and every Trustor, and all references to Borrower shall mean each and every Borrower. This means that each Borrower and Trustor signing below is responsible for all obligations in this Deed of Trust.

**No Waiver by Lender.** Trustor understands Lender will not give up any of Lender's rights under this Deed of Trust unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Trustor will not have to comply with the other provisions of this Deed of Trust. Trustor also understands that if Lender does consent to a request, that does not mean that Trustor will not have to get Lender's consent again if the situation happens again. Trustor further understands that just because Lender consents to one or more of Trustor's requests, that does not mean Lender will be required to consent to any of Trustor's future requests. Trustor waives presentment, demand for payment, protest, and notice of dishonor.

**Severability.** If a court finds that any provision of this Deed of Trust is not valid or should not be enforced, that fact by itself will not mean that the rest of this Deed of Trust will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Deed of Trust even if a provision of this Deed of Trust may be found to be invalid or unenforceable.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this

Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waiver of Homestead Exemption.** Trustor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Arizona as to all Indebtedness secured by this Deed of Trust.

**DEFINITIONS.** The following words shall have the following meanings when used in this Deed of Trust:

**Beneficiary.** The word "Beneficiary" means JPMorgan Chase Bank, N.A., and its successors and assigns.

**Borrower.** The word "Borrower" means JEFF DORFMAN, and all other persons and entities signing the Credit Agreement.

**Credit Agreement.** The words "Credit Agreement" mean the credit agreement dated July 7, 2006, in the original principal amount of $250,000.00 from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. The maturity date of this Deed of Trust is July 7, 2036.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of this Deed of Trust.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Credit Agreement or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Credit Agreement or Related Documents and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust. **In addition, and without limitation, the term "Indebtedness" includes all amounts identified in the Revolving Line of Credit paragraph of this Deed of Trust. However, the term "Indebtedness" is subject to the limitations identified in the Maximum Lien section of this Deed of Trust.**

**Lender.** The word "Lender" means JPMorgan Chase Bank, N.A., its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Credit Agreement.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**Loan No: 416010845579**

=====================================================================

**Trustee.** The word "Trustee" means JPMorgan Chase Bank, National Association, whose address is 1111 Polaris Parkway, Columbus, OH 43240 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means JEFF DORFMAN and CYNTHIA R DORFMAN.

**EACH TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH TRUSTOR AGREES TO ITS TERMS.**

**TRUSTOR:**

X _____
JEFF DORFMAN, Individually

X _____
CYNTHIA R DORFMAN, Individually

---

### INDIVIDUAL ACKNOWLEDGMENT

**STATE OF** _Arizona_           )
                                 ) SS
**COUNTY OF** _Maricopa_         )

"OFFICIAL SEAL"
Michael F. Brody
Notary Public-Arizona
Maricopa County
My Commission Expires 11/3/2006

On this day before me, the undersigned Notary Public, personally appeared **JEFF DORFMAN**, to me known to be the individual described in and who executed the Deed of Trust, and acknowledged that he or she signed the Deed of Trust as his or her free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this _7th_ day of _July_ , 20 _06_ .

By _Michael F. Brody_                Residing at _Cave Creek Az 85331_

Notary Public in and for the State of _Arizona_

My commission expires _11-3-2006_

---

### INDIVIDUAL ACKNOWLEDGMENT

**STATE OF** _Arizona_           )
                                 ) SS
**COUNTY OF** _Maricopa_         )

"OFFICIAL SEAL"
Michael F. Brody
Notary Public-Arizona
Maricopa County
My Commission Expires 11/3/2006

On this day before me, the undersigned Notary Public, personally appeared **CYNTHIA R DORFMAN**, to me known to be the individual described in and who executed the Deed of Trust, and acknowledged that he or she signed the Deed of Trust as his or her free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this _7th_ day of _July_ , 20 _06_ .

By _Michael F. Brody_                Residing at _Cave Creek Az 85331_

Notary Public in and for the State of _Arizona_

My commission expires _11-3-2006_

## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all Indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Credit Agreement secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

_____.

**Date:** _____     **Beneficiary:** _____

**By:** _____

**Its:** _____

LASER PRO Lending, Ver. 5.15.40.08 Copr. Harland Financial Solutions, Inc. 1997, 2006. All Rights Reserved. - AZ/IDH K\CFI\HLLASER\HLCFI\LPL\G01.FC YR-501-48575 PR-HELOC/AZ

Unofficial Document

**EXHIBIT "C"**

027102

# DEED OF TRUST

[X] IF BOX IS CHECKED, THIS MORTGAGE SECURES FUTURE ADVANCES.

THIS DEED OF TRUST is made this __28TH__ day of __NOVEMBER__, 20 __06__, among the Trustor, __JEFF DORFMAN AND CYNTHIA R. DORFMAN, HUSBAND AND WIFE AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP__
(herein "Borrower"), __HOUSEHOLD REALTY CORPORATION__
(herein "Trustee") and the Beneficiary, __HOUSEHOLD REALTY CORPORATION__ ,a
corporation organized and existing under the laws of __DELAWARE__ whose address is
__10216 NORTH 28TH DRIVE, SUITE 2, PHOENIX, AZ  85051__
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

[ ] WHEREAS, Borrower is indebted to Lender in the principal sum of $ _____,
evidenced by Borrower's Loan Agreement dated _____ and any extensions or renewals
thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly
installments of principal and interest, including any adjustments to the amount of payments or the contract rate if
that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on
_____;

[X] WHEREAS, Borrower is indebted to Lender in the principal sum of $ __44,400.00__, or so
much thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated
__NOVEMBER 28, 2006__ and extensions and renewals thereof (herein "Note"), providing for monthly
installments, and interest at the rate and under the terms specified in the Note, including any adjustments in the
interest rate if that rate is variable, and providing for a credit limit stated in the principal sum above and an initial
advance of $ __44,400.00__;

BORROWER in consideration of the indebtedness herein recited and the trust herein created, irrevocably
grants and conveys to Trustee, in trust with power of sale, the following described property located in the County of
__MARICOPA__ State of Arizona:

THE FOLLOWING REAL PROPERTY IS LOCATED IN THE CITY OF CAVE
CREEK, COUNTY OF MARICOPA, STATE OF ARIZONA:LOT 59, DIAMON
CREEK, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE
COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN
BOOK 471 OF MAPS, PAGE 32.TAX MAP OR PARCEL ID
NO:212-18-084

Which has the address of __4620 E RUNNING DEER TRAIL,__                    CAVE CREEK

Arizona __85331__                    (herein "Property Address")

11-20-06 DOT

*D462BM30A592DOT7000AZ0011110**DORFMAN          *          ORIGINAL

AZ001111

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property;"

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) all present and future advances under the Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and (4) the performance of the covenants and agreements of Borrower herein contained; and (5) the payment of such further sums as the then record owner of the Property hereafter may borrower from Lender, when evidenced by another note (or notes) reciting it is so secured.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest (including any variations in interest resulting from changes in the Contract Rate that may be specified in the Note) on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to paragraph 2. Payments due under the Note and this Deed of Trust shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Deed of Trust is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Deed of Trust be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) electronic funds transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in paragraph 12. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each monthly payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Deed of Trust or performing the covenants and agreements secured by this Deed of Trust.

2. **Funds for Escrow Items.** Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Deed of Trust as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under paragraph 5; and (d) Mortgage Insurance premiums, if any. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Deed of Trust, as the phrase "covenant and agreement" is used in paragraph 7. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under paragraph 7 and pay such amount and Borrower shall then be obligated under paragraph 7 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with paragraph 12 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount: (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 35000), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter (herein "RESPA"); and (b) not to exceed the maximum amount a lender can require under RESPA. As used in this Deed of Trust, RESPA refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the loan does not qualify as a "federally related mortgage loan" under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the

Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender.

3. Application of Payments or Proceeds. Except as otherwise described in this paragraph 3 or as may be required by the Note and/or applicable law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under paragraph 2. Such payments shall be applied to each monthly payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Deed of Trust, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent monthly payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one monthly payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the monthly payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more monthly payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or miscellaneous proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the monthly payments.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments. Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. Protection of Lender's Security. If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. Inspection. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for

payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Address stated in the Note or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall be applicable to this Deed of Trust, except where such laws conflict with Federal law in which case Federal law shall apply. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) The creation of a lien or encumbrance subordinate to this Deed of Trust; (b) A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (c) the granting of a leasehold interest which has a term of three years or less and which does not contain an option to purchase; (d) The creation of a purchase-money security interest for household appliances; (e) a transfer elative resulting from the death of the Borrower; (f) a transfer where the spouse or child(ren) becomes an owner of the property; or (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse becomes an owner of the property; or (h) A transfer into an intervivos trust in which the Borrower is a, and remains, the beneficiary and occupant of the property, or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing.

Lender may, at Lender's option, declare all sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by Paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Upon Borrower's breach of any covenant or agreement of Borrower in the Note or in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender may declare all sums secured hereby immediately due and payable, as provided in the Note, by delivery to Trustee of written notice thereof, setting forth the nature thereof, and of election to cause to be sold the Property under this Deed of Trust. Lender also shall deposit with Trustee this Deed of Trust and said Note.**

**Trustee shall record and give notice of Trustee's sale in the manner required by law, and after the lapse of such time as may then be required by law, Trustee shall sell, in the manner required by law, said property at public auction at the time and place fixed by it in said notice of Trustee's sale to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone or continue the sale by giving notice of postponement or continuance by public declaration at the time and place last appointed for the sale. Trustee shall deliver to such purchaser its Deed conveying the property so sold, but without any covenant or warranty, expressed or implied. Any persons, including Borrower, Trustee, or Lender, may purchase at such sale.**

After deducting all costs, fees, and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment of: All sums then secured hereby, with accrued interest; and the remainder, if any, to the person or persons legally entitled thereto, or as provided in ARS - 33-812. To the extent permitted by law, an action may be maintained by Lender to recover a deficiency judgment for any balance due hereunder.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to entry of a judgement enforcing this Deed of Trust if: (a) Borrower pays

*D4628M30A592DOT7000AZ0011140**DORFMAN * ORIGINAL

Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraphy 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall, upon payment of its fees, reconvey the Property without warranty to the person or persons legally entitled thereto. Lender may collect from Borrower the fee charged by the Trustee to reconvey the Property. Borrower shall pay all costs of recordation.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.

**22. Time of Essence.** Time is of the essence of each covenant of this Deed of Trust.

**23. Waiver.** Borrower waives all rights of homestead exemption in the property.

**24. Mailing Addresses.** Borrower's mailing address is the address stated in the Note. Trustee's mailing address is

**25. Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

Unofficial Document

(This space intentionally left blank)

*0462BM30A592DOT7000AZ0011150**DORFMAN        *        ORIGINAL

### REQUEST FOR NOTICE DE DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with lien which has priority over this Deed of Trust to give Notice to Lender, at Lender, at Lender's address set forth on page one of the Deed of Trust, of any default under the superior encumbrance of any sales or other foreclosure action.

I understand that I am entitled to take a copy of all loan documents away form the Lenders's place of buisness for review prior to signing any loan documents.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

JEFF DORFMAN    –Borrower

CYNTHIA R. DORFMAN    –Borrower

If individual borrower is married, spouse signature required here:

STATE OF ARIZONA, ___MARICOPA___ County ss:

On this __28th__ day of __NOVEMBER__ , 20 06 , before me personally appeared __JEFF DORFMAN AND CYNTHIA R. DORFMAN__ to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that __THEY__ executed the same as __THEIR__ free act and deed.

TAMARA R. GONSOR
Notary Public - Arizona
Maricopa County
My Comm. Expires Jun 2, 2009

Tamara R Gonsor
Notary Public

My Commission expires: June 2, 2009

Title Order No._____ Escrow Loan or Loan No. _____

STATE OF ARIZONA, _____ County ss:

On this _____ day of _____ , 20 _____ , before me personally appeared _____ to me known to be the persons(s) described in and who executed the foregoing instrument, and acknowledged that _____ executed the same as _____ free act and deed.

Notary Public

My Commission expires:

Title Order No._____ Escrow Loan or Loan No. _____

_____ (Space Below This Line Reserved For Lender and Recorder)_____

Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

11-20-06 DOT    AZ001116

*D4628M30A592DOT7000AZ0011160**DORFMAN    ORIGINAL